UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| FELIX NGUATIA SILACHA § | |
| § | |
| vs. § | NO:   MO:20-CV-00235-DC |
| § | |
| U.S. IMMIGRATION AND CUSTOMS § | |
| ENFORCEMENT § | |

### ORDER *SUA SPONTE* DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR WANT OF PROSECUTION

**BEFORE THE COURT** is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241. After much consideration, the Court shall dismiss the §2241 for want of prosecution.

### I. Facts & Procedural History

By way of background, Petitioner's §2241 was received by the Court on September 30, 2020. On October 6, 2020, the Court ordered Petitioner to file his Motion on the proper form, supplied him with a blank copy of the proper form for him to simply complete and return, and warned him failure to comply with this order would result in dismissal of the case for want of prosecution. Petitioner was given until October 27, 2020 to comply with this Court's Order. The record reflects that Petitioner has not complied with the October 6, 2020 Order and in fact, has not filed anything since he filed his initial Motion, and the time for doing so has passed.

### II. Discussion

The issue before the Court is one of procedure created by Petitioner's lack of involvement in his own litigation and his failure to respond to the October 6th Order. The Court is given the authority to enter an involuntary dismissal "[f]or failure of the Petitioner to prosecute or to comply with these rules or any order of the court" pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). In this case, Petitioner has ignored the Court's October 6th Order by not simply completing the form supplied to him by the Clerk of the Court. Petitioner is not excused for this failure because there is no evidence that he requested additional time to respond and this Court has yet to grant said request. Moreover, Petitioner has not communicated with this Court since he filed his §2241. Taken together, these facts show Petitioner's complete failure to prosecute his suit.

The Court finds that the only remedy available in light of Petitioner's inaction is to dismiss the §2241 for want of prosecution under Rule 41(b). For the same reasons, the Court further finds that the §2241 shall be dismissed in the interest of judicial economy. The Court shall dismiss the §2241 without prejudice to allow Petitioner another opportunity to raise his claims, if necessary. *Callip v. Harris Cty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice"). Therefore, Petitioner's §2241 shall be dismissed for want of prosecution without prejudice.

### III. Certificate of Appealability

The Court must now consider whether to grant a certificate of appealability ("COA"). *See* 28 U.S.C. §2253(c). A COA is not required for a §2241 petitioner to proceed on appeal. *McFarland v. Jeter*, 2007 WL 462575, *1 (5th Cir. 2007) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)). Therefore, a motion for a COA will be denied as unnecessary. The Court, accordingly, orders that a COA will not issue in this case.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 is **DISMISSED** for **WANT OF PROSECUTION AND A CERTIFICATE OF APPEALABILITY WILL NOT ISSUE IN THIS CASE.**

It is so **ORDERED.**

**SIGNED this 30th day of October, 2020.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**